1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

LAMOS WAYNE STURGIS,                )      No. C 10-4394 LHK (PR)
                                     )
12              Plaintiff,           )      ORDER OF DISMISSAL
                                     )
13        v.                         )
                                     )
14   UNITED STATES DISTRICT COURT     )
     WRIT CLERK,                     )
15                                   )
                Defendant.           )
16   _____)

17

Plaintiff, proceeding *pro se*, filed a pro se civil rights complaint pursuant to 42 U.S.C.
18
§ 1983 against the United States District Court Writ Clerk.  For the reasons stated below,
19
Plaintiff's complaint is DISMISSED.
20

**DISCUSSION**
21

A.    Standard of Review
22

A federal court must conduct a preliminary screening in any case in which a prisoner
23
seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*
24
28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss
25
any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
26
seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §
27
1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*
28

1    *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4    the alleged violation was committed by a person acting under the color of state law. *See West v.*

5    *Atkins*, 487 U.S. 42, 48 (1988).

6    B.    <u>Legal Claims</u>

7         Plaintiff claims that since April 2010, he has received several blank civil rights complaint

8    forms from the Writ Clerk.  Plaintiff asserts that he did not request these forms, yet he continues

9    to receive them.  Plaintiff also claims that when he does write to the Writ Clerk for information,

10   he receives no response.

11        Plaintiff fails to state a cognizable claim upon which relief may be granted.  Allegations

12   of verbal harassment and abuse, without more, fail to state a claim cognizable under 42 U.S.C.

13   § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997).  Moreover, court clerks have

14   absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial

15   process.  *See Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see*

16   *Curry v. Castillo*, 297 F.3d 940, 947-48 (9th Cir. 2002) (concluding that quasi-judicial immunity

17   "extends to nonjudicial officers for all claims relating to the exercise of judicial functions,"

18   including administrative acts that are part of the judicial process) (internal quotation marks and

19   citation omitted).  Though district courts must afford pro se prisoner litigants an opportunity to

20   amend to correct any deficiency in their complaints, *see Lopez v. Smith*, 203 F.3d 1122, 1126-27

21   (9th Cir. 2000) (en banc), a pro se complaint "may be dismissed for failure to state a claim only

22   where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

23   which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)

24   (citations and internal quotations omitted).  Here, even liberally construed, Plaintiff has not

25   alleged facts sufficient to entitle him to relief.  As a result, the Court concludes that leave to

26   amend would be futile.  Accordingly, the complaint is DISMISSED without leave to amend.

27        The Clerk shall terminate all pending motions and close the file.

28   ///

1    IT IS SO ORDERED.

2    DATED:   10/26/10                                          _Lucy H. Koh_
                                                         _____
3                                                        LUCY H. KOH
                                                         United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Sturgis394ftsc.wpd          3